## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No.:

JACQUES RONALD CORDON, individually
and as the named representative for others
similarly situated,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
SYLVIA KRASNER, AND JOSEPAH CHAIM
KRASNER,

      Defendants.

_____/

## NOTICE OF REMOVAL

      Defendant, GEICO General Insurance Company ("GEICO General"), removes this case

from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, to the United

States District Court for the Southern District of Florida pursuant to: (i) the Class Action Fairness

Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453; and

(ii) 28 U.S.C. § 1446. GEICO General states as follows in support of removal:[1]

### I.    BACKGROUND

      1.      On December 4, 2020, Plaintiff Jacques Ronald Cordon ("Plaintiff" or "Cordon"),

filed this civil action against GEICO General, Sylvia Krasner and Joseph Chaim Krasner in the

Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, Case No. 2020-

---

[1] The consent of Co-Defendants to GEICO General's removal of the State Court Action to this
Court is not required pursuant to 28 U.S.C. 1453(b).

026071-CA-01 (the "State Court Action").  A true and correct copy of the Complaint filed in the State Court Action is included as part of Composite Exhibit A.[2]

2.      Plaintiff's Complaint alleges that GEICO General engaged in an improper practice of using "deceptive and unfair" practices when adjusting property/vehicle loss claims.  Ex. A ¶¶ 7, 12(a).  Plaintiff's Complaint further alleges that this is an action "for damages in an amount greater than $15,000" and that Plaintiff seeks "declaratory, injunctive and other relief."  *Id.* at ¶ 5.

3.      Plaintiff was allegedly involved in a motor vehicle accident on January 14, 2019. Plaintiff's vehicle purportedly sustained damage as a result of the accident and Plaintiff submitted a claim to GEICO.  Sylvia Krasner and Joseph Chaim Krasner were allegedly also involved in the accident.  Ex. A ¶¶ 13-15, 17.  Plaintiff alleges that GEICO adjusted the claim for loss resulting from the accident over a period of days following the accident.  *Id.* at ¶¶ 17-20.

4.      Plaintiff further alleges that he then rented a vehicle while the claim was being processed by GEICO.  *Id.* at ¶¶ 18-19.  Plaintiff further asserts that GEICO determined that the claim was a total loss and offered to pay Plaintiff "an amount substantially below the value of the Vehicle in the local marketplace and nothing for the rental and the storage of the vehicle." *Id.* at ¶ 22.

5.      Plaintiff also alleges that GEICO General failed to "timely process the claim and advise Plaintiff of the amount of time he is entitled to a rental car" and that GEICO purportedly never reimbursed Plaintiff for the rental car.  Ex. A ¶ 21.  Further, Plaintiff asserts that GEICO General "did not include payment or reimbursement for the rental car and also had a zero amount for storage of the Vehicle."  *Id.* at ¶ 25.

---

[2] Copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as Composite Exhibit A pursuant to 28 U.S.C. § 1446(a).

6.     Plaintiff attempts to assert three claims against GEICO General in the Complaint.

Plaintiff asserts these counts on behalf of itself and the following proposed class:

> All persons who suffered a property/vehicle loss while insured by GEICO, whose claims were unfairly and deceptively processed; rights or entitlement under policies were not unfairly and deceptively disclosed; were not honestly indemnified or adequately compensated for their loss in a timely and reasonable fashion; and who were deceived into believing in a "family treatment" when both parties of the accident were insured by GEICO.

Ex. A at ¶ 7 (the "Proposed Class").[3]

7.     Plaintiff's claims purportedly involve questions of law and fact that are common to each member of the Proposed Class:

a.   Whether the actions of GEICO constitute a deceptive and unfair trade practice;

b.   Whether Cordon and the Class are entitled to injunctive relief prohibiting GEICO from engaging in further deceptive and unfair trade practices; and

c.   Whether Cordon and the Class suffered a loss or damages as a result of GEICO deceptive and unfair practices.

Ex. A ¶¶ 8 (a)-(c).

8.     Plaintiff seeks to have the Proposed Class certified pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(B) and (b)(2).   *See* Ex. A. at pgs. 7, 8, Wherefore paragraphs. Plaintiff does not allege a proposed class period in the Complaint.

9.     Plaintiff's Complaint alleges that the crux of this case is a dispute concerning whether GEICO's purported actions constitute a deceptive and unfair trade practice that caused

---

[3] GEICO General relies upon Plaintiffs' allegations regarding the nature of the Proposed Class only for purposes of jurisdiction under CAFA.  GEICO General denies that the Proposed Class is properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority.  Moreover, Plaintiff does not define the term "family treatment."

Plaintiff (and members of the Proposed Class) to suffer a compensable loss.  Plaintiff attempts to assert his purported claims under Florida's Unfair and Deceptive Trade Practices Act set forth in Sections 501.204, 501.211, Fla. Stat.  and Fla. Stat. 624.155.  *See* Complaint, at ¶¶ 33, 36, 43.

10. Count I of Plaintiff's Complaint seeks a determination that GEICO General engaged in "unfair and deceptive practices by intentionally, unlawfully and willfully" misleading Plaintiff and members of the Proposed Class regarding the rights under an insurance policy and for misleading Plaintiff into believing in or expecting a "family treatment" when both parties are insured by GEICO.  Ex. A ¶¶ 32(a)-(c).  Count I further alleges that GEICO General withheld payment for the rental car and payment for the storage of the vehicle, and that GEICO's actions ultimately violated Florida Statute 501.204(1).  *Id.* at ¶¶ 32(d), 33.

11. Count II seeks injunctive relief requiring GEICO General to refrain from "engaging in [] deceptive and unfair practice."  Ex. A at pgs. 7-8, Wherefore paragraph.  Plaintiff alleges that Plaintiff has and would continue to suffer "irreparable harm if GEICO is not permanently enjoined from it continue violation of Fla. Stat. §§ 501.204(1)."  *Id.* at ¶ 44.

12. Count III attempts to seek damages under Fla. Stat. 624.155[4] for alleged violations of Fla. Stat. 626.954(i), but does not quantify the alleged damages owed to Plaintiff or any member of the Proposed Class.  Ex. A at ¶¶ 37-39.

13. The State Court Action therefore seeks a determination and/or equitable relief that Plaintiff (and members of the Proposed Class) are entitled to additional coverage payments relating to their alleged losses.  Plaintiff further seeks to recover attorneys' fees and costs pursuant to

---

[4] GEICO General reserves its right to assert defenses to this purported claim, which is premature given there has been no underlying determination of liability, and Plaintiff failed to satisfy the Civil Remedies Notice requirement that is a condition precedent to asserting this purported claim.

4

Section 501.2105, Fla. Stat.[5]  Ex. A at pgs. 7-8, Wherefore paragraphs. Plaintiff further seeks "all such further and additional relief."  *Id.*

## II.    VENUE

14.    Under 28 U.S.C. § 1446(a), this case is properly removed to this Court as the district and division within which the State Court Action was brought.

## III.    GROUNDS FOR FEDERAL JURISDICTION

15.    The State Court Action is removable pursuant to 28 U.S.C. §§ 1332(d) and 1441(a) of CAFA.  Removal is proper in this case because the Court has original jurisdiction under CAFA because there is: (1) minimal diversity of citizenship; (2) a proposed class with at least 100 members; and (3) at least $5 million in controversy.  28 U.S.C. § 1332(d).

**Removal is Timely**

16.    The State Court Action was filed on December 4, 2020 and GEICO General was served on December 23, 2020.

17.    This Notice of Removal is therefore timely filed within thirty days after GEICO General was formally served with the Complaint.  *See* § 28 U.S.C. 1446(b)(3); *Murphy Bros., Inc. v. Michetti Pipe String, Inc.,* 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Edwards v. Apple Computer, Inc.*, 645 Fed Appx. 849, 2016 WL 888596 (11th Cir. Mar. 9, 2016) ("A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint

---

[5] GEICO General reserves its right to challenge Plaintiff's entitlement to the recovery of reasonable attorneys' fees and costs pursuant to Section 501.2105, Fla. Stat.

through service or otherwise, and not by receipt of the complaint 'unattended by any formal service.'").

### <u>This Court has Original Jurisdiction</u>

18.     This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1441(a).

19.     Under 28 U.S.C. § 1332(d)(2) and (d)(5)(B), this Court has original jurisdiction. Under these sections original jurisdiction exists when (i) the civil action in question is a class action in which there are at least 100 putative class members; (ii) diversity of citizenship exists between any class member and any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2) and (d)(5)(B).

20.     Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). In light of *Dart Cherokee*, the Eleventh Circuit has held:  "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions."  *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

### *The Proposed Class Exceeds 100 Members.*

21.     A civil action constitutes a "class action" under CAFA if: (i) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;" and (ii) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B), (d)(2) and (d)(5)(B) (emphasis added).

22.     Plaintiff seeks to represent a Proposed Class of GEICO policyholders who had claims for property/vehicle loss while insured by GEICO whose "claims were unfairly and deceptively processed." Ex. A ¶ 7.  The Complaint does not address or define a proposed class period.  GEICO therefore relies on the applicable four-year Statute of Limitations set forth in Section 95.11(3)(f), Fla. Stat., for "An action founded on a statutory liability."[6]

23.     Plaintiff alleges that the Proposed Class, upon Plaintiff's information and belief, is surmised by a number that "would far exceed the threshold for class certification." Ex. A ¶ 11. Plaintiff provides no further explanation upon which Plaintiff's information and belief is based.  *Id.*

24.     The number of members of the Proposed Class may not be ascertainable on the face of the Complaint.  However, as set forth below, there are approximately 51,800 claims where the claimant and the tortfeasor were insured by GEICO General and are therefore implicated by the allegations set forth in the Complaint.  The Proposed Class therefore contains more than 100 members.  Accordingly, this action is a "class action" under 28 U.S.C. §§ 1332(d)(1)(B), (d)(2) and (d)(5)(B).

   ***Diversity of Citizenship Exists***

25.     Diversity of citizenship exists under § 1332(d).  Under CAFA diversity of citizenship is established where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The courts often refer to this as "minimal diversity."  *See Hill v. National Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 901-902, 2016 WL 158850, *2 (11th Cir. Jan. 14, 2016); *Day v. Sarasota Doctors Hospital, Inc.*, 2020 WL 5758003,

---

[6] While not defined in Plaintiff's Complaint, GEICO calculates a proposed class period of December 4, 2016 through the date of the filing of Plaintiff's Complaint.

at *4 (M.D. Fla. 2020) (finding minimal diversity was met in a case removed under CAFA) (internal citations omitted).

26.      For the purposes of 28 U.S.C. § 1332(d), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – or the corporation's "'nerve center.'"  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

27.      Plaintiff alleges that he "is an individual who is a resident of Miami-Dade County, Florida."  Ex. A at ¶ 1.  Plaintiff further alleges that Defendant is a "foreign corporation."  *Id.* at ¶ at 2.  The Complaint therefore alleges facts on its face that establishes sufficient minimal diversity under CAFA.

28.      Plaintiff also correctly alleges that GEICO General is a foreign entity.  *See Id.* at ¶ 2.  GEICO General is and was at the time of filing of the State Court Action, a company organized under Maryland law, with its principal place of business in Maryland.  *Friend*, 130 S.Ct. at 1192.  GEICO General is therefore a citizen of Maryland.  28 U.S.C. § 1332(c)(1).  Because Plaintiff is a citizen of Florida, and GEICO General is a citizen of Maryland, diversity of citizenship exists under CAFA.  28 U.S.C. §  1332(d)(2)(A).

29.      Because Plaintiff and GEICO General are citizens of different states, there is minimal diversity among the parties to this case as required under CAFA for original jurisdiction in this Court.  *See* 28 U.S.C. § 1332(d)(2)(A).

*The Amount in Controversy Requirement is Satisfied.*

30.     A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs..." 28 U.S.C. § 1332(d)(2).

31.     To determine whether the matter in controversy exceeds the $5,000,000 threshold, "the claims of individual class members shall be aggregated." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(6)).   "And those 'class members' include 'persons (named or unnamed ) who fall within the definition of the *proposed* or certified class.'"  *Id.*  (quoting 28 U.S.C. § 1332(d)(1)(D); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

32.     Plaintiff's Complaint does not plead a specific amount in controversy, which is consistent with Florida practice. *See Ellison v. Coca-Cola Refreshments USA, Inc.*, No. 2:15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) (holding "[i]n this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint.); *Mangano v. Garden Fresh Rest. Corp.*, No. 2:15-cv-477, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015); *Hernandez v. Burlington Coat Factory of Florida*, LLC, No. 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015).

33.     When "the amount in controversy is not apparent on the face of the complaint, a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy'" *Dewitte v. Foremost Ins. Co.*, 171 F. Supp. 3d 1288, 1289 (M.D. Fla. 2016) (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir.2010)); *see also Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010).

34.    The U.S. Supreme Court has held in these circumstances that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

35.    "In other words, all that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart Cherokee*, 135 S.Ct. at 551, 554); *see also Ellison v. Coca-Cola Refreshments USA, Inc.,* Case No. 15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Schaefer v. Seattle Service Bureau, Inc.,* Case No. 15-cv-444, 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

36.    Plaintiff is insured by GEICO General.  *See* Compl. ¶ 1. Plaintiff seeks insurance benefits from the at fault parties' property damage coverage provided under their automobile insurance policy, who was also issued by GEICO General.  *Id.* at ¶¶ 7, 12(a), 25-27.  In Florida, the minimum limits for property damage coverage is $10,000.  *See* Section 324,021(7)(c), Fla. Stat.  GEICO General has also determined that there are as many as 51,800 claims where the claimant and the tortfeasor were insured by GEICO General that would fall within Plaintiff's proposed class defintion.  Applying the minimum limits for property damage coverage to the at

least 51,800 potential class members here alone exceeds the required $5 million threshold.  *See* Compl. ¶¶ 10-11, 34, 39, 44, ; *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013) (claims of individual class members, including those of unidentified persons who meet the class definition, are aggregated to determine whether the $5 million amount in controversy is met).

37.     Moreover, Plaintiff alleged that the amount at issue on his individual claim exceeds $15,000.  Accordingly, if the amount in dispute is at least $15,000 and the putative class includes at least 51,800 members, the amount in controversy easily exceeds the $5 million threshold.    In fact, if the alleged damages of each proposed class member were only $100.00, the $5 million threshold is satisfied.

38.     Additionally, the amount in controversy calculation for federal jurisdiction includes the value of Plaintiff's requested injunctive relief.  To determine whether the matter in controversy exceeds the threshold for injunctive relief, the Eleventh Circuit holds that "the value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff if the injunction were granted."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

39.     Plaintiff's Complaint in this action seeks injunctive relief on behalf of itself and the Proposed Class.  Plaintiff fails to allege a value of its requested injunctive relief.  However, this requested relief should also be considered, because it further increases the amount in controversy. The amount put in controversy by these purported individual and class claims, in the aggregate, therefore exceeds the $5,000,000 required threshold, exclusive of interest and costs.

40.    Plaintiff also seeks attorneys' fees under Fla. Stat. § 501.2105, which may be included in calculating the amount in controversy.  *See* Ex. A at pgs. 7-8, Wherefore paragraphs. A "reasonable amount" of attorneys' fees authorized by statute may be "included in the amount in controversy." *Morrison,* 228 F. 3d at 1265 (citing *Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15-cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co*., No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

41.    GEICO General believes that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification.  However, GEICO General provides the above calculations solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").[7]

42.    It is therefore clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

---

[7] Although GEICO General alleges that the amount in controversy exceeds the jurisdictional threshold and the putative class contains more than 100 members, GEICO General does not concede it is liable for any conduct that would warrant the imposition of any damages alleged by Plaintiff.  GEICO General also does not concede that Plaintiff may represent a class of GEICO General policyholders in Florida over any period.  GEICO General reserves all defenses and objections to the claims asserted by Plaintiff and the Proposed Class.

**The CAFA Exceptions Do Not Apply**

43.     The mandatory and discretionary exceptions to removal under 28 U.S.C. § 1332(d)

do not apply in this case.

44.     The "Local Controversy" Exception Does Not Apply.  Even though many putative

class members may be citizens of Florida, CAFA's "local controversy" exception, 28 U.S.C. §

1332(d)(4)(A), does not apply.  This exception applies only if, among other factors:

> at least 1 defendant is a defendant - - (aa) from whom significant relief is sought by
> members of the plaintiff class; (bb) whose alleged conduct forms a significant basis
> for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of
> the State in      which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i)(II).  As noted above, GEICO General is a citizen of Maryland - not

Florida, "the State in which [this] action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II).

45.     The "Home State Controversy" Exception Does Not Apply.  Even though many

putative class members may be citizens of Florida, CAFA's "home state controversy" exception,

28 U.S.C. § 1332(d)(4)(B), does not apply.  CAFA's "home state controversy" exception requires

a court to decline CAFA jurisdiction if "two thirds or more of all proposed plaintiff classes in the

aggregate, and the primary defendants, are citizens of the State in which the action was originally

filed." 28 U.S.C. § 1332(d)(4)(B).  As established above, GEICO General is a citizen of Maryland,

not Florida, "the State in which [this] action was originally filed."  28 U.S.C. § 1332(d)(4)(B).

Accordingly, this exception cannot apply.

46.     The Discretionary Exception Does Not Apply.  The discretionary exception to

CAFA jurisdiction is also inapplicable in this case. 28 U.S.C. § 1332(d)(3)(A)-(F).  Under CAFA,

a court may, at its discretion, decline to exercise CAFA jurisdiction if "greater than one-third but

less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the

primary defendants are citizens of the State in which the action was originally filed." *Id.* Because GEICO General is a citizen of Maryland - not Florida - this exception cannot apply.

## PROCEDURAL STATEMENT

1.     <u>Process and Pleadings.</u>  As set forth above, copies of the Complaint and all other process, pleadings, and orders filed in the State Court Action are attached as Composite Exhibit A pursuant to 28 U.S.C. § 1446(a).

2.     <u>Removal is Timely.</u>  A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b).  The State Court Action was served on GEICO General on December 23, 2020.  This Notice of Removal is therefore timely filed. 28 U.S.C. § 1446(b).

3.     <u>Removal to Proper Court.</u>  This Court is the "district court for the United States for the district and division within which" the State Court Action is pending.  28 U.S.C. § 1446(a). GEICO General's Notice of Removal has therefore been filed in the proper court.

4.     <u>Notice to State Court.</u>  A copy of GEICO General's Notice of Removal is being filed with the Clerk of the Court of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, and written notice is being served on Plaintiff as required by 28 U.S.C. § 1446(d).

5.     GEICO General reserves the right to amend or supplement this Notice of Removal. GEICO General further reserves all defenses and objections to Plaintiff's claims.  GEICO General will respond to Plaintiff's Complaint or present other defenses or objections as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a), 81(c).

WHEREFORE, GEICO General removes this action from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino (FBN: 814539)
Lindsey R. Trowell (FBN: 678783)
Kristen L. Wenger (FBN: 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
jmarino@sgrlaw.com
ltrowell@sgrlaw.com
kwenger@sgrlaw.com

*Counsel for GEICO General Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

*/s/ John P. Marino*
Attorney